GLADNEY, Judge.
This action was instituted by Bernice Davis and Sgt. Leon Davis on November 24, 1965 against the Audubon Insurance Company to recover the proceeds of a $5,-000 fire insurance policy issued on a house completely destroyed by fire on March 31, 1965. The petition also named as defendants the other heirs of Bennie Smith and Charlotte Thompson Smith in order that said heirs could assert whatever rights, title or interest they might claim. The insurer thereafter filed its answer and deposited full face amount of its policy into court, praying that petitioner Bernice Davis have judgment for the sum of her one-eighth interest in the deposit and that all other demands of plaintiffs be rejected. A third party petition of intervention was filed on behalf of the remaining heirs of Bennie and Charlotte Thompson Smith, requesting that the insurance policy *757 be reformed as to the named insured and that there be judgment in favor of the heirs in proportion of their undivided interest in the property. Following trial of the case the court in its written reasons for judgment, held Bernice Davis and her husband were entitled to receive from the proceeds of the policy the sum of $1,500 and directed that the remaining $3,500 should be divided equally between Bernice Davis and the remaining heirs. The court rejected the demands for penalties and attorney’s fees under LS A-R.S. 22:658. Plaintiffs have appealed and urge that the provisions of LSA-R.S. 22:695 (A) entitle them to full payment of the policy although their interest in the property insured con-cededly is only one-eighth thereof.
The policy in question was issued by Audubon Insurance Company January 26, 1965 to Charlotte Thompson Smith, who died February 4, 1965, survived by a daughter, Bernice Davis, and other children, the issue of Bennie Smith. The insured premises were located on a plot of ground near Greenwood, Louisiana, which had been acquired during the marriage of Bennie Smith and Charlotte Thompson Smith. The evidence discloses the insured house together with its additions was constructed through the resources and efforts of Bernice Davis, her husband, Sgt. Leon Davis, and a number of the heirs during the lifetime of Charlotte Thompson Smith. The house had a value estimated at $8,000 when it burned.
Following the death of Charlotte Thompson Smith, Bernice Smith, acting through her husband, caused the agent for the insurer to issue a rider to the policy in which Bernice Davis was named as the insured in lieu of the deceased Charlotte Thompson Smith. On the trial of the case it developed that the insurer’s agent, Eugene W. Bryson, changed the name of the insured as a result of representations by Leon Davis that Bernice Davis was the owner of the insured property. His testimony was to this effect
“Q That is your signature. Do you recall the occasion when this endorsement was issued, how it came about that it was changed from Charlotte Smith over to Bernice Davis. Who approached you on it, or how did it happen?
“A Well, Bernice’s husband came up there.
“Q That is what I want to know.
“A And Charlotte owed me half of the policy, she had paid half.
,Q I see.
“A And he paid the other half and then asked for the endorsement. And I asked him had the place been divided and he said, yes, that he was to get the house and the cows. And I said, well, we want to know that, because we usually wrote these policies to the estate of.
“Q I understand.
“A He says, no, that they had made a division, and I am to get the house, so we put it in Bernice’s name; not his.”
The evidence adduced upon the trial showed conclusively that no such division of the property had been made and that the representations so made to Bryson were misrepresentations which in fact caused him to change the name of the insured from Charlotte Thompson Smith to Bernice Davis.
The trial court properly held the misrepresentation nullified the rider endorsing a change in the name of the insured and that the policy should be treated as reformed to name as insured the estate of Charlotte Thompson Smith. Accordingly, he directed that the proceeds of the policy be divided as above set forth. Based on the testimony of the parties the Court determined that Bernice Davis and her husband justified an entitlement of $1,500 from the contributions of the sum deposited.
*758 Counsel for appellants earnestly contends that under the valued policy law, LSA-R.S. 22:695, an insurer may not go behind the policy and show that insured’s interest is worth less than the amount of the policy. We do not take issue with this statement of the law. Welch v. New York Underwriters Insurance Co., La.App., 145 So.2d 376 (3rd Cir. 1962) ; The Forge, Inc. v. Peerless Casualty Co., La.App., 131 So. 2d 838 (2nd Cir. 1961). However, the question presented herein is not as to the value of the policy but whether the act which changed the name of the insured in the policy was invalid, null and void by reason of the misrepresentations. We hold that they were and agree with the trial court’s decision that by reason of such misrepresentations the rider attached to the policy was null, void and of no effect. Penalties and attorney’s fees are not warranted under the facts of the case.
Accordingly, for the reasons hereinabove stated, the judgment is affirmed at appellants’ cost.